**FIRST PREFERRED INSURANCE COMPANY, Appellant,**

v.

**Billy ROBERTSON et ux., Appellees.**

No. 8889.

Court of Civil Appeals of Texas, Texarkana.

March 3, 1981.

Rehearing Denied March 31, 1981.

Joe E. Shaddock, Wichita Falls, for appellant.

Jim D. Lovett, Clarksville, for appellees.

BLEIL, Justice.

This is an appeal from an order denying a plea of privilege.

The only question is whether sufficient evidence was presented at the venue hearing to allow the appellees to maintain venue in Red River County under Subd. 5 or 28, art. 1995, Tex.Rev.Civ.Stat.Ann.

Billy Robertson and his wife, June, the appellees, brought suit in Red River County against First Preferred Insurance Company, appellant. The Robertsons claimed that they were entitled to recover on a policy of insurance for water damages to their home as a result of an occurrence on March 15, 1979. As a part of their proof the Robertsons put into evidence the policy of insurance which had been issued to them by First Preferred Insurance Company. The policy was a new Texas Standard Fire Policy, No. F2 5596, covering the period of time from March 9, 1978, to March 9, 1979, and insuring the Robertsons' home against fire and other perils. No policy was introduced into evidence at the venue hearing covering the period from March 9, 1979, to March 9, 1980, during which period the loss occurred.

In response to requests for admissions, which were introduced into evidence, the insurance company admitted, among other things, that (1) it is a fire insurance company; (2) it issued its fire policy No. F2 5596 to the Robertsons on March 9, 1979; (3) all premiums due and owing had been paid on insurance policy No. F2 5596 as of March 15, 1979; and, (4) the dwelling insured under the policy was located in Red River County, Texas.

The crux of the points of error asserted by the appellant is that there is no competent evidence of the terms of the policy

sued on. Our review of this case treats the points of error as raising both "no evidence" and "insufficiency of the evidence" points.

■ No findings of fact were requested or filed by the trial court. For this reason if there is evidence which supports implied findings of fact favoring the judgment on any legal theory, the judgment will be upheld. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975).

■ The Robertsons sought to sustain venue in Red River County on the basis of both Subds. 5 and 28 of art. 1995, Tex.Rev. Civ.Stat.Ann. Subdivision 28 authorizes suits on policies of insurance to be brought against any fire insurance company in any county in which the insured property was situated. First Preferred Insurance Company says that there is not sufficient evidence to show either, (1) that it is a fire, marine or inland insurance company, or (2) that the property insured was situated in Red River County. In light of its admission that it is a fire insurance company and of the contents of the policy introduced in evidence, which is a "Texas Standard Fire Policy", coupled with the terms of that policy indicating that it provides insurance for loss due to fire, there is ample evidence on this point. The trial court clearly could find from that evidence that First Preferred Insurance Company is a fire insurance company. That the insured property was situated in Red River County likewise is amply supported by the evidence. The testimony of Billy Robertson and the facts admitted by appellant indicate conclusively that the property insured was in Red River County. Ample evidence was presented by the appellees in support of the maintenance of venue in Red River County under Subd. 28 of art. 1995, Tex.Rev.Civ.Stat.Ann. In light of this conclusion, it is not necessary that we determine whether venue can also be maintained under Subd. 5.

■ The complaint of appellant is simply that there was no competent evidence of the terms of the policy sued upon. Al-

though it is not necessary to prove the full terms of a policy under Subd. 28, there is evidence of a policy No. F2 5596 issued by First Preferred Insurance Company setting forth in detail terms and conditions. Although this policy shows an expiration date of March 9, 1979, those terms coupled with the admissions that on March 9, 1979, appellant issued fire policy No. F2 5596 to the Robertsons and that all premiums due and owing had been paid on said policy as of March 15, 1979, the proof of loss admitted in evidence, and the testimony of Billy Robertson, when taken together, provide evidence of the terms of the policy sued on.

Our examination of the record in this case leads us to the conclusion that the findings implicit in the trial court's judgment are supported by sufficient evidence of probative force.

The judgment is affirmed.